IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES SCOTT SAIDE,

    Petitioner,                      No. 2:11-cv-0790 GEB DAD (HC)

    vs.

MATTHEW CATE,                     <u>ORDER AND</u>

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises two claims in his federal habeas application filed with this court March 11, 2011.

        In his first claim, petitioner contends that he has been transferred to a private prison in Arizona without his consent in violation of state law and his federal constitutional right to due process. By order filed May 19, 2011, this court found that petitioner's first claim constitutes a challenge to his conditions of confinement and is not cognizable in this habeas corpus proceeding. (Doc. No. 7.) For that reason, the court did not require respondent to respond to that claim. (<u>Id</u>.) Petitioner has moved for reconsideration of that order. (Doc. No. 11.)

/////

Petitioner's second claim for federal habeas relief is that his constitutional rights were violated in connection with probation revocation proceedings that commenced with his arrest on August 28, 2002 and led to a hearing on January 7, 2003, at which time his probation was revoked. Respondent has moved to dismiss petitioner's second habeas claims as being barred by the statute of limitations. (Doc. No. 13.)

Below, the court will address both petitioner's motion for reconsideration and respondent's motion to dismiss.

I. Petitioner's Motion for Reconsideration

As noted above, petitioner seeks reconsideration of this court's finding that his challenge to his out-of-state transfer is not cognizable in this federal habeas corpus action because it is a challenge to the conditions of his confinement rather than to the fact or duration of his confinement. In his motion for reconsideration, petitioner contends that when California transferred him to Arizona without his consent, he became a citizen of Arizona, California lost jurisdiction over him, and he must therefore be released from custody.

Assuming arguendo that petitioner's first claim should be construed as a habeas corpus claim because he contends that he is entitled to release from custody, see Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995), the claim so-characterized is plainly without any merit.[1]

Petitioner has no federal constitutional right to be housed in a particular prison or state. See Olim v. Wakinekona, 461 U.S. 238 (1983). Moreover, neither the Interstate Corrections Compact nor the Western Interstate Corrections Compact are federal law. See Ghana v. Pearce, 159 F.3d 1206, 1209 (9th Cir. 1998). Thus, habeas corpus relief is not

---

[1] Petitioner's first claim for relief arises from an administrative decision, while his second claim arises from a state court judgment. Arguably, the two claims are not properly joined together in one action. Cf. Rule 2, 28 U.S.C. foll. § 2254. However, because it is not clear that Rule 2 precludes joinder of a claim challenging an administrative decision with a challenge to a state court judgment, and due to interests of judicial economy, the court will reach the merits of petitioner's first claim.

available for any alleged violation of the terms of either compact.  See 28 U.S.C. § 2254 (habeas corpus relief available only for violation of federal Constitution, laws or treaties).  Finally, neither the compacts nor other applicable state laws give rise to a liberty interest in freedom from out of state transfer protected by the federal due process clause under the circumstances of this case.  Petitioner has alleged no facts suggesting that his transfer to an institution in Arizona imposed an "'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life'" sufficient to give rise to an interest protected by the Fourteenth Amendment.  Ghana, 159 F.3d at 1208-09 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).  Petitioner's sole complaint is that his transfer was involuntary; the holding in Olim precludes a finding that an involuntary out-of-state transfer of an inmate, without more, constitutes an "atypical and significant hardship."

For these reasons, petitioner's motion for reconsideration will be granted and, upon reconsideration, the court will recommend that he be denied federal habeas relief with respect to his first claim.

II. Statute of Limitations

Respondent has moved to dismiss petitioner's second claim on the ground that it is barred by the applicable statute of limitations.  Petitioner opposes the motion.

Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

        recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

        For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

        1. On January 7, 2002, petitioner pleaded guilty to continuous sexual abuse of a child under the age of 14.  Petitioner was subsequently sentenced to sixteen years in state prison.  The trial court suspended execution of the sentence and granted petitioner probation.

        2. On August 28, 2002, petitioner was arrested for violating the terms and conditions of his probation.

        3. On January 31, 2003, a probation revocation hearing was held in the Shasta County Superior Court.[2]  At the hearing, petitioner was found to have violated the terms and conditions of his probation, his probation was revoked, and he was remanded to state prison pursuant to his judgment of conviction.

        2. On November 6, 2003, the California Court of Appeal for the Third Appellate District modified the restitution fine that had been imposed and otherwise affirmed the judgment.  See Lodged Document No. 2.  (Doc. No. 15.)

---

[2] Petitioner alleges that the probation revocation hearing was held on January 7, 2003.  See Petition filed March 11, 2011 (Doc. No. 1), at 4.  The Abstract of Judgment filed in the Shasta County Superior Court reflects that the hearing was held on January 31, 2003.  See Lodged Document No. 1, filed July 29, 2011.  (Doc. No. 15.)

      3. Petitioner did not seek direct review in the California Supreme Court. <u>See</u> Petition (Doc. No. 1) at 4.

      4. On or July 27, 2008, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. <u>See</u> Lodged Document No. 3. The petition was denied on August 25, 2008. <u>See</u> Lodged Document No. 4.

      5. On February 24, 2009, petitioner filed a second petition for writ of habeas corpus in the Shasta County Superior Court. <u>See</u> Lodged Document No. 5. That petition was denied on May 1, 2009. <u>See</u> Lodged Document No. 6.

      6. On January 10, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. <u>See</u> Lodged Document No. 7. That petition was denied on January 21, 2010. <u>See</u> Lodged Document No. 8.

      7. On January 31, 2010, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. <u>See</u> Lodged Document No. 9. That petition was denied on April 22, 2010. <u>See</u> Lodged Document No. 10.

      8. On Mary 3, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. <u>See</u> Lodged Document No. 11. That petition was denied on November 17, 2010. <u>Id</u>.

      7. On March 11, 2011, the instant action was opened with the filing of a petition for writ of habeas corpus which was delivered on March 3, 2011 by petitioner to prison officials for mailing to this court.

      Petitioner's judgment of conviction became final on December 16, 2003, forty days after the California Court of Appeal affirmed the judgment. <u>See</u> <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008). Petitioner had one year from that date to file a federal habeas corpus petition. <u>Id</u>. This Petitioner's first state habeas petition was not filed until July 27, 2008. The limitation period for the filing of a federal habeas petition expired on or about December 16, 2004, well before petitioner sought any collateral review of his judgment of conviction in the

state courts. The habeas petitions filed petitioner in state court did not revive the already expired limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."), cert. denied 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied 538 U.S. 949 (2003).

In opposition to the motion, petitioner contends that the provisions of 28 U.S.C. § 2244(d)(1)(D) should govern the timeliness of his second claim, and that the statutory period should have commenced when he discovered the legal basis for his that claim when he was researching the basis for a challenge to his out of state transfer. This contention is without merit. Under § 2244(d)(1)(D), the limitation period starts to run when a habeas petition discovers, or through the exercise of due diligence could have discovered, the operative facts for a claim, not the legal significance of those facts. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

Petitioner also challenges the constitutionality of the statute of limitations set out in 28 U.S.C. § 2244(d), contending that it violates his right to equal protection of the laws. Petitioner argues that capital habeas petitioners are provided with counsel, while non-capital habeas petitioners like himself are not. Petitioner contends this is disparate treatment because non-capital habeas petitioners are required to learn the law themselves without benefit of the assistance of counsel.

With respect to such equal protection claims, the Ninth Circuit has explained as follows:

> "The Equal Protection Clause provides a basis for challenging legislative classifications that treat one group of persons as inferior or superior to others, and for contending that general rules are being applied in an arbitrary or discriminatory way." Jones v. Helms, 452 U.S. 412, 423–24, 101 S.Ct. 2434, 2442, 69 L.Ed.2d 118 (1981). A statute is subject to the heightened scrutiny of equal protection analysis when it prohibits activities that are protected legally and involves a legally cognizable suspect class. United States v. Holland, 810 F.2d 1215, 1218–19 (D.C.Cir.), cert. denied,

>481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987) (section 845a(a) not subject to heightened scrutiny of equal protection analysis). We will uphold a non-suspect classification if "any state of facts rationally justifying it is demonstrated to or perceived by the court[ ]." Id. at 1219 (quoting United States v. Maryland Savings–Share Ins. Corp., 400 U.S. 4, 6, 91 S.Ct. 16, 17–18, 27 L.Ed.2d 4 (1970)).

United States v. Pitts, 908 F.2d 458, 459 (9th Cir. 1990). The distinction between inmates sentenced to death and inmates sentenced to prison is not a suspect classification subject to heightened scrutiny. "Death penalty sentences are 'qualitatively different' from prison sentences. Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991-92, 49 L.Ed.2d 944 (1976) (plurality opinion)." Jeffers v. Lewis, 38 F.3d 411, 419 (9th Cir. 1994). The statute of limitations in 2244(d) applies to all non-capital inmates and equal protection is not violated because such inmates are not guaranteed representation.[3]

For these reasons, the undersigned concludes that petitioner's second claim for federal habeas relief, in which he challenges his probation revocation proceedings, is time barred under 28 U.S.C. § 2244(d).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

/////

---

[3] Petitioner also argues that the statute discriminates against indigent inmates because wealthy inmates can afford counsel. Petitioner acknowledges that the United States Supreme Court has held there is no constitutional right to counsel in federal habeas corpus proceedings. The statute of limitations applies uniformly to all non-capital inmates and its application to petitioner does not violate his right to equal protection.

For the reasons set forth herein petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the district court should decline to issue a certificate of appealability.

For all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's June 9, 2011 motion for reconsideration (Doc. No. 11) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's first claim for federal habeas relief be denied on the merits;

2. Respondent's July 15, 2011 motion to dismiss (Doc. No. 13) be granted;

3. Petitioner's second claim for federal habeas relief be dismissed as barred by the applicable statute of limitations; and

4. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
said0790.mtd